UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>v.<br><br>CHRISTOPHER S. MILLER,<br><br>                   Defendant. | Case No. 24-50082<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S CLAIMS FOR EXEMPTIONS TO GARNISHMENT
(ECF NOS. 16, 17, 18, 25)**

## I.     Introduction

Defendant Christopher S. Miller claimed exemptions to the government's writs of garnishment upon the judgment entered against him. ECF No. 16; ECF No. 17; ECF No. 18; ECF No. 25.  The Honorable Nancy G. Edmunds referred the motions to the undersigned for a report and recommendation under 28 U.S.C. § 636(b).  ECF No. 21; ECF No. 28.  The Court held a hearing on April 22, 2024, and **RECOMMENDS** that Miller's claims for exemptions to garnishment be **DENIED**.

## II. Background

In December 2023, Judge Edmunds entered a judgment against Miller requiring him to "make monthly installment payments on any remaining balance of the restitution, fine, and special assessment at a rate of $1,000.00 per month." See *United States v. Miller*, 22-cr-20138-NGE-JJCG-1, J., ECF No. 24, PageID.134. At the government's requests, the Clerk of the United States District Court issued writs of garnishment upon the judgment. ECF No. 10; ECF No. 11; ECF No. 13; ECF No. 24. Miller then requested a hearing to contest the writs and claim exemptions to garnishment. ECF No. 16; ECF No. 17; ECF No. 18; ECF No. 25.

## III. Analysis

Absent an exemption, the government may enforce a judgment requiring restitution and imposing a fine by garnishing all property of the person fined. 18 U.S.C. §§ 3664(m)(1)(A), 3613(a). "A judgment debtor who contests a writ of garnishment bears the burden of showing he or she is entitled to an exemption." *United States v. Daneshvar*, No. 2:21-MC-51623, 2022 WL 17826499, at *2 (E.D. Mich. Aug. 9, 2022), *adopted*, 2022 WL 17828356 (E.D. Mich. Sept. 19, 2022) (citing *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996)). At a garnishment hearing, the issues

"are limited to the validity of a claim of exemption and the government's compliance with statutory requirements." *Id.* (citing 28 U.S.C. § 3203(d)).

Miller claims that garnishment will cause him financial hardship. ECF No. 16; ECF No. 17; ECF No. 18; ECF No. 25. But financial hardship is not a cognizable exemption to garnishment. *See* § 3613(a); 26 U.S.C. § 6334. Miller's financial resources and assets were relevant when Judge Edmunds set a payment schedule, and the percentage of his weekly earnings that may be garnished are limited by statute. *United States v. Miller*, 588 F. Supp. 2d 789, 798 (W.D. Mich. 2008) (citing 15 U.S.C. § 1673). But his "argument that he is unable to afford the amount of the garnishment is not a permissible defense to raise under 28 U.S.C. § 3202(d)." *United States v. Mahar*, 1994 U.S. App. LEXIS 33197, at *2 (6th Cir. 1994).

Miller identifies categories of property that are exempt from garnishment, but he does not show that the government has sought to garnish property under those categories. ECF No. 25, PageID.135-136. During the hearing, defense counsel for Miller also challenged the accuracy of Judge Edmunds' judgment, claiming that there was a "clerical error." But he cited nothing that gives this Court the authority to change Judge Edmunds' judgment based on the exemptions claimed. And to correct that alleged error, Miller would need to file a motion to modify the judgment

3

under Federal Rule of Civil Procedure 35. *See Miller*, 588 F. Supp. 2nd at 798. His objection to the garnishment based on the alleged clerical error lacks merit.

IV.   **Conclusion**

The Court **RECOMMENDS** that Miller's claims for exemptions to garnishment (ECF Nos. 16, 17, 18, 25) be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 23, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 23, 2024.

>   s/Marlena Williams
>   MARLENA WILLIAMS
>   Case Manager